IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FREDERICK WILSON                                              PETITIONER

VERSUS                          CIVIL ACTION NO.  3:16CV118 HTW-LRA

TIMOTHY OUTLAW                                              RESPONDENT

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Frederick Wilson filed a petition for writ of habeas corpus relief on

February 17, 2016.  After reviewing the record and all the applicable law, the undersigned

recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(d) under the

Antiterrorism and Effective Death Penalty Act of 1996 as untimely.

Wilson was convicted of murder (Count I) and aggravated assault (Count II) in the

Circuit Court of Scott County, Mississippi.  On June 12, 2009, he was sentenced to a term

of life imprisonment in the custody of the Mississippi Department of Corrections on

Count I, and a consecutive term of 10 years on Count II.  On September 19, 2013, the

Mississippi Supreme Court affirmed the convictions and sentences in *Wilson v. State*, 156

So. 3d 808 (Miss.  2013), and denied his petition for rehearing on November 21, 2013.

Nothing of record indicates that Wilson filed a petition for writ of certiorari in the United

States Supreme Court.  He signed an "Application for Leave to File a Motion for Post-

Conviction Relief" on November 17, 2015, which was stamped "filed" in the Mississippi

Supreme Court on November 23, 2015.  The motion was subsequently denied by that

court on January 12, 2016.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d

---

[1]ECF No. 7-1 – 7-4.

941, 944 (5th Cir. 1998), *cert*. *denied*, 119 S. Ct. 847 (1999).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Wilson's conviction became final on February 19, 2014, 90 days after the Mississippi Supreme Court denied his petition for rehearing.  Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court.  *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d  690, 694 (5th Cir. 2003). Thus, to toll the statute of limitations, Wilson was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before February 19, 2015. Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from February 19, 2014, through February 19, 2015.  Absent equitable or statutory tolling, his federal habeas petition filed on February 17, 2016, is untimely.

Wilson has filed no response or otherwise challenged the motion to dismiss.  He has thus failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.  None of AEDPA's other statutory exceptions are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, Wilson's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective

December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415,

1428-29 (5th Cir. 1996).

    This the 30th day of August, 2016.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
